## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRENDA CLARK
Philadelphia, PA 19143

              *Plaintiff,*

   v.

CITY OF PHILADELPHIA
1400 John F. Kennedy Blvd.
Philadelphia, PA 19107

              *Defendant.*

CIVIL ACTION NO.:

**COMPLAINT AND JURY TRIAL DEMAND**

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Brenda Clark, brings this action against her former employer, City of Philadelphia ("Defendant"), for discriminating against Plaintiff based upon her race (Black) and her age (69 at the time of her termination). Defendant's unlawful conduct includes subjecting Plaintiff to a hostile work environment, transferring Plaintiff because of her race and age after thirty-five (35) years of service, and terminating Plaintiff for false and pretextual reasons, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

Plaintiff seeks damages, including economic loss, compensatory damages, liquidated damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

1

## II.    PARTIES

1.    Plaintiff, Brenda Clark, is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Philadelphia, PA.

2.    Plaintiff was born in 1955 and is currently seventy (70) years of age. As of when Plaintiff's employment was terminated by Defendant in August 2024, Plaintiff was sixty-nine (69) years of age.

3.    Plaintiff is Black.

4.    Defendant, City of Philadelphia, is a municipality and political subdivision of the Commonwealth of Pennsylvania, with a principal place of business at 1400 John F. Kennedy Blvd., Philadelphia, PA 19107.

5.    Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

6.    At all times material hereto, Defendant employed more than twenty (20) employees.

7.    At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8.    At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

9.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

2

### III.    JURISDICTION AND VENUE

10.    The causes of action which form the basis of this matter arise under Title VII, the ADEA, Section 1981, the PHRA, and the PFPO.

11.    The District Court has jurisdiction over Count I (Title VII), Count II (ADEA), and Count III (Section 1981) pursuant to 28 U.S.C. § 1331.

12.    The District Court has supplemental jurisdiction over Count IV (PHRA) and Count V (PFPO) pursuant to 28 U.S.C. § 1367.

13.    Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

14.    On or about October 16, 2024, Plaintiff filed a Complaint of Discrimination with the Philadelphia Commission on Human Relations ("PCHR"), complaining of acts of discrimination alleged herein. That complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's PCHR Complaint (with personal identifying information redacted).

15.    On or about October 23, 2024, Plaintiff filed a separate Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), PHRC Case No. 202400762, complaining of acts of discrimination alleged herein. That complaint was dual-filed with the EEOC as EEOC Charge No. 17F-2025-60110.  Attached hereto and incorporated herein as Exhibit "2" is a true and correct copy of Plaintiff's PHRC Complaint (with personal identifying information redacted).

3

16.     On or about May 19, 2026, the United States Department of Justice issued to Plaintiff a Notice of Right to Sue pertaining to EEOC Charge No. 17F-2025-60110. Attached hereto as Exhibit "3" is a true and correct copy of that Notice.

17.     On or about May 14, 2026, the EEOC issued to Plaintiff notice of administrative closure of the ADEA portion of EEOC Charge No. 17F-2025-60110. Attached hereto as Exhibit "4" is a true and correct copy of that notice.

18.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

19.     Plaintiff was hired by Defendant on August 23, 1989.

20.     Plaintiff was born in August 1955.

21.     Plaintiff consistently performed her job duties in a highly competent manner, received positive feedback, and had no disciplinary or performance issues throughout her employment with Defendant.

22.     Plaintiff last held the position of Record Clerk, Orphan's Court. Plaintiff previously held the position of Record Clerk, Register of Wills, and reported to Monique Jordan Johnson (44[1], Black), Supervisor.

23.     Plaintiff last reported to Patrick Parkinson (45, white), Supervisor. Parkinson reported to Robert Stewart (47, white), Administrator. Stewart reported to John Sabatina (white), Registrar of Wills.

24.     Parkinson had no role in Plaintiff being hired at Defendant.

---

[1] All ages referenced herein are approximations.

25.     On June 24, 2024, in a letter from Kenya Webb (40, Black), Human Resources Director, Plaintiff was transferred from the Registrar of Wills department to the Orphan's Court department, effective immediately.

26.     Plaintiff had worked in the Registrar of Wills department since 1989.

27.     Plaintiff received no explanation, including the selection criteria, as to why she was transferred and younger and/or nonblack employees were not.

28.     Plaintiff had no prior knowledge of the Orphan's Court department job duties and responsibilities.

29.     On June 24, 2024, Plaintiff began reporting to Parkinson.

30.     Plaintiff was the oldest employee reporting to Parkinson.

31.     Plaintiff was treated differently and worse, and in a more hostile and dismissive manner, than younger and/or white employees were treated.

32.     Despite her requests, Plaintiff did not receive training for the Orphan's Court department position into which she was transferred.

33.     When Plaintiff asked to whom she should address her questions, she received no response.

34.     On August 9, 2024, in a meeting with Stewart and Shariff Roseboro (50, black), Human Resources Deputy, Defendant terminated Plaintiff's employment, effective immediately. The stated reason was that Plaintiff was not a fit for the Orphan's Court. When Plaintiff asked why she was not a good fit, she received no answer.

35.     Plaintiff was the only employee reporting to Parkinson who was terminated on August 9, 2024.

36.    At the time of Plaintiff's termination, the following employees, in addition to Plaintiff, reported to Parkinson:

    a.  Kelly Green (42, Black), Record Clerk;

    b.  Michael Midzak (48, white), Record Clerk;

    c.  Heather Miller (50, white), Record Clerk;

    d.  Kimberly French (55, white), Record Clerk.

37.    When Plaintiff was terminated, she was age sixty-nine (69) with approximately thirty-five (35) years of service at Defendant.

38.    Defendant retained younger and/or nonblack employees who had less service time than Plaintiff in positions for which Plaintiff was more qualified when Plaintiff was terminated.

39.    Defendant assigned Plaintiff's job duties and responsibilities to substantially younger and/or nonblack employees with less service time than Plaintiff. Plaintiff was more qualified to perform her job duties and responsibilities than the substantially younger and/or nonblack employees with less service time to whom Defendant assigned Plaintiff's job duties and responsibilities and who were retained when Plaintiff was terminated.

40.    Plaintiff had no opportunity to remain employed with Defendant.

41.    Before Plaintiff was transferred and terminated, Plaintiff had no indication that her job was in jeopardy.

42.    Defendant transferred Plaintiff because of her age and/or her race.

43.    Defendant terminated Plaintiff's employment because of her age and/or her race.

44.    Defendant subjected Plaintiff to a hostile work environment because of her age and/or her race. Defendant's discriminatory conduct, as alleged herein, was sufficiently severe and/or pervasive to make a reasonable person believe that the conditions of employment had been

altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

45. Defendant failed to prevent or address the discriminatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory conduct.

46. Defendant recently terminated and/or pushed out other older and/or Black employees.

47. Defendant's conduct evidences a bias against Black and/or older employees.

48. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## <u>COUNT I – TITLE VII</u>

49. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

50. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

51. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

52. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

53. No previous application has been made for the relief requested herein.

## COUNT II – ADEA

54. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

55. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

56. As a direct and proximate result of Defendant's violations of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

57. Said violations were willful and warrant the imposition of liquidated damages.

58. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

59. No previous application has been made for the relief requested herein.

## COUNT III – SECTION 1981

60. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

61. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Section 1981.

62. As a direct and proximate result of Defendant's violations of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

63. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

64. No previous application has been made for the relief requested herein.

## COUNT IV – PHRA

65.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

66.     By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the PHRA.

67.     Said violations were intentional and willful.

68.     As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

69.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

70.     No previous application has been made for the relief requested herein.

## COUNT V – PFPO

71.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

72.     By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the PFPO.

73.     As a direct and proximate result of Defendant's violations of the PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

74.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

75.     No previous application has been made for the relief requested herein.

**<u>RELIEF</u>**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

  a.  declaring the acts and practices complained of herein to be in violation of Title VII;

  b.  declaring the acts and practices complained of herein to be in violation of the ADEA;

  c.  declaring the acts and practices complained of herein to be in violation of Section 1981;

  d.  declaring the acts and practices complained of herein to be in violation of the PHRA;

  e.  declaring the acts and practices complained of herein to be in violation of the PFPO;

  f.  enjoining and permanently restraining the violations alleged herein;

  g.  entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

  h.  awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

  i.  awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

j.      awarding liquidated damages to Plaintiff under the ADEA;

k.      awarding Plaintiff such other damages as are appropriate under Title VII, the ADEA, Section 1981, the PHRA, and the PFPO;

l.      awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

m.      granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: June 12, 2026          BY:    */s/ Rahul Munshi*
                                            RAHUL MUNSHI, ESQ.
                                            1525 Locust Street, 9th Floor
                                            Philadelphia, PA 19102
                                            Phone: (215) 545-7676
                                            munshi@consolelaw.com

                                            *Attorneys for Plaintiff*

11